## BENJAMIN CREAMER *versus* JOHN PERRY and Trustee.

An assignment of property by the maker of a promissory note not due, to a trustee in trust to indemnify the indorser against his liabilities for the maker, does not dispense with the necessity of a demand upon the maker, and notice to the indorser.

The indorser of a note, who had received no notice of its non-payment, upon being asked what would be done about the note, replied, that " the note will be paid." It was *held*, that this was not equivalent to a waiver of notice, and did not render the indorser liable, as upon a renewed promise.

ASSUMPSIT on a promissory note dated January 27, 1834, for the sum of $697·68, made by Isaac Thayer, of Sherburne, payable to the defendant or his order in six months from the date, and indorsed by the defendant.

The trial was before *Morton* J.

It was agreed by the parties, that in February, 1834, Thayer stopped payment, and assigned all his property for the benefit of his creditors, to one Choate and John M. Perry, who was summoned as trustee in the present action ; that in the assignment, the defendant, who was the father-in-law of Thayer, was a preferred creditor, and was fully secured for

all his demands and liabilities ; that shortly after the assignment, all the creditors of Thayer, excepting the plaintiff, agreed to give Thayer an extension of the time of payment of their respective claims, for four, eight and twelve months, provided all the creditors should assent to it ; and that Thayer, although the plaintiff did not agree to such extension, took possession of the property so assigned, proceeded to dispose of it as before the assignment, and continued to transact business in his own name, until after the note became due.

A witness produced by the plaintiff testified, that the plaintiff delivered the note in question to him on the day after it became due, with directions to collect the money of Thayer ; that, on the same day, he called upon Thayer, who proposed to renew the note for the sum of $350, and to pay the residue in cash ; that this proposal was declined ; that a few days after the note became due, the witness was told by Thayer, that he had conveyed away all the property in his shop ; that the witness then called on the defendant, who lived in Sherburne, and informed him, that he called, by the request of the plaintiff, to settle the note, it not having been paid by Thayer ; that the defendant said, that he knew that the note was unpaid, that Thayer had endeavoured to induce the plaintiff to renew the note for the sum of $350, and to receive the residue in cash ; that he, the defendant, had indorsed a note for that amount, for the purpose, but the plaintiff had refused it, and that Thayer's ability to pay it would depend upon his getting accommodation at the Tremont Bank ; that before leaving the defendant, the witness inquired of him what would be done about the note, and the defendant said, that " the note will be paid ;" that the defendant, in the course of the above conversation, also said, that he had received no letter informing him of a demand of payment and of the non-payment of the note by Thayer ; that the witness inquired of the defendant, if he had the benefit of the property assigned by Thayer to Choate and Perry, for his indemnity, and the defendant replied, either, " I had the benefit," or " I am to have the benefit of it ;" that he asked the defendant, if he knew what Thayer had done with his goods that he had in the store the last week, and the defendant answered, that he did not ; that the witness

did not understand from the defendant, that he, the defendant, was a preferred creditor, or that he was to have any benefit, under the new assignment by Thayer to his brothers, or that the defendant knew of any second assignment.

The plaintiff was nonsuited.

If, in the opinion of the Court, it would be competent for the jury to find a verdict for the plaintiff on the foregoing evidence, the nonsuit was to be taken off, and a new trial granted ; otherwise judgment was to be rendered for the defendant.

*Jan. 23d*
*1836.*

*Hoar* and *Mellen*, for the plaintiff, to the point, that the promisor having placed funds in the hands of the defendant to pay the note, the defendant must be deemed to have waived all objections on the ground that no seasonable demand had been made on the promisor, and no notice given to the defendant, cited *Bond* v. *Farnham*, 5 Mass. R. 170 ; *Mead* v. *Small*, 2 Greenl. 207 ; *Tower* v. *Durell*, 9 Mass. R. 332 ; and that the defendant, with the knowledge that there had been no demand and notice, had promised to pay the note, and that this also was equivalent to a waiver, *Rogers* v. *Stevens*, 2 T. R. 713 ; *Hopes* v. *Alder*, cited in 6 East, 16 ; *Margetson* v. *Aitken*, 3 Carr. & Payne, 338 ; *Dixon* v. *Elliott*, 5 Carr. & Payne, 437.

*Buckminster*, for the defendant.

*April term*
*1836.*

SHAW C. J. delivered the opinion of the Court.    It was conceded, that no seasonable demand had been made on the promisor, and no notice given to the indorser.    The plaintiff relied upon a waiver, as an excuse for want of demand and notice, placing it on two grounds : 1.  That the promisor had placed funds in the hands of the defendant to meet the payment ; and 2.  That with notice that there had been no demand and notice, the defendant had promised to pay the note.

This is rather matter of evidence than of law, that is, whether there is proper evidence to go to a jury, and whether it would be sufficient to warrant them in finding a waiver of demand and notice.

On the first ground we think that the most which could be made of the evidence is, that after this note was made, but several months before it became due, the promisor made an assignment to trustees, upon trust among other things to se-

Creamer
*v*
Perry and
Tr.

cure the defendant for all debts due to him from the promisor, and to indemnify him against all his liabilities. Without stopping to consider, whether after this property was surrendered by the trustees, the defendant could have availed himself of it, we think the effect of this assignment was, to secure and indemnify the defendant against his legal liabilities ; and as his liability as indorser on this note, was conditional, and depended upon the contingency of his having seasonable notice of its dishonor, his claim upon the property depended upon the like contingency. The second assignment does not affect the question ; it does not appear to have been made till several days after the note became due.

And on the other ground, it is a rule of law, that if an indorser, knowing that there has been no demand and notice, and conversant with all the circumstances, will promise to pay the note, this is to be deemed a waiver. But these rules in regard to notice and waiver, are to be held with some strictness, in order to ensure uniformity of practice and regularity in their application. Though questions of due diligence and of waiver, were originally questions of fact, yet having been reduced to a good degree of certainty by mercantile usage, and a long course of judicial decisions, they assume the character of questions of law, and it is highly important that they should be so deemed and applied, in order that rules affecting so extensive and important a department in the transactions of a mercantile community, may be certain, practical and uniform, as well as reasonable, equitable and intelligible.

In the present case we are of opinion, that the evidence falls short of proving a *promise* by the defendant, either to pay the note or see it paid. The agent of the plaintiff applied to the defendant, some days after the note had become due, obviously for the purpose of obtaining from him a renewed promise. The strongest expression used by the defendant in the course of a long conversation, was, " the note will be paid." This is quite as consistent with the hypothesis, that it was a mere assertion of his expectation, that it would be paid by the promisor, as of a promise on his own part to pay it ; and from the general tenor of the conversation, we think it cannot be inferred, that it was his intention, knowing of his

discharge, to waive his defence, and promise to pay the note, or see it paid, at all events. This view of the evidence, considering that the burden of proof is upon the plaintiff, is decisive, and therefore the nonsuit must stand.

*Judgment for the defendant.*